UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25 CV 480 JMB |
| | ) |
| SELECT PORTFOLIO SERVICING, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s Motions to Dismiss (Docs. 7 and 14). For the reasons set forth below, the first Motion is **MOOT** (Doc. 7) and the second is **GRANTED** (Doc. 14).

**I.   Background**

Plaintiff James Helton filed a "Petition for A Verification of Debt" in the Circuit Court of St. Charles County, Missouri on March 6, 2025 (Doc. 1-1). In the Petition, Plaintiff seeks "verification" of a mortgage debt and asserts that because Defendant cannot present proof of the debt, he is entitled to a "court [ ] order . . . to release all claims against Plaintiff and grant rightful remedies due to Plaintiff." Defendant removed this matter on April 9, 2025 pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, asserting that Plaintiff is a citizen of Missouri, that Defendant is incorporated and has its principal place of business in Utah, and that the amount in controversy is in excess of $75,000. In particular, Defendant states:

> Defendant is servicing a loan (but is not a holder of that loan) that Mr. Helton entered into as a borrower. The loan is evidenced by an Adjustable Rate Note dated June 12, 2006 ('Note'). The Note is secured by a deed of trust dated June 12, 2006 ('Deed of Trust'). The principal value of the Note is $192,700.00. The current unpaid principal value exceeds six figures.

(Doc. 1, p. 2).

Defendant filed its first motion to dismiss on April 16, 2025, arguing that Plaintiff failed to state a claim (Doc. 7).  In response, Plaintiff filed a brief argument:

> Plaintiff, exercising consumer rights, has requested the Defendant present the original Promissory Note as proof the Defendant is in fact the Note Holder in Due Course and have standing as a Party of Interest.  Plaintiff did not receive documentation from the Defendant and filed a complaint in St. Charles County District Court.
> If Defendant could not provide proof of standing, precedent would be set for questioning the validity of the mortgage.  The amended pleading has a more detailed argument.
> The amended pleading also questions the validity of the mortgage contract itself.

(Doc. 13).  Plaintiff also filed what appears to be an amended complaint (Doc. 12).  In it, Plaintiff states that the mortgage loan is unenforceable, that Defendant failed to make various necessary disclosures, and that it cannot show that it is a party to the contract, among other things.  Defendant filed its second motion to dismiss on May 12, 2025 (Doc. 14).  Plaintiff has not responded within the time allowed by Local Rule 4.01.

**II.     Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Pro se* pleadings are liberally construed; however, they still must contain sufficient factual information to support a claim. Mungai v. University of Minnesota, __ F.4th __, 2025 WL 1775374, at *2 (8th Cir. June 26, 2025).

**III.   Discussion**

A.  First Motion to Dismiss (Doc. 7)

Federal Rule of Civil Procedure 15 permits a party to file, as a matter of course, an amended pleading within 21 days of service of a Rule 12(b) Motion. In response to the first Motion to Dismiss, Plaintiff filed his "Petition for Verification of Debt Else Release of Claim and Relief" (Doc. 12). While the document contains extraneous matter, it is an amended pleading filed within the time allowed by Rule 15. Accordingly, Defendant's first Motion to Dismiss (Doc. 7) is **MOOT**. The Clerk of Court shall be directed to refile Plaintiff's "Petition for Verification of Debt Else Release of Claim and Relief" as an Amended Complaint.

B.  Second Motion to Dismiss (Doc. 14)

If the extraneous statements in the Amended Complaint are put aside, Plaintiff alleges that there is a mortgage on real property, that he owns, issued by First Franklin with the promissory

note and deed of trust held by U.S. Bank National Association. Plaintiff claims that Defendant "represents" First Franklin and U.S. Bank National Association (Doc. 12, p. 3). He further alleges that Defendant "purports" that he owes it money in relation to the promissory note which he claims is null and void. When he requested documentation from Defendant in February and March, 2025, to prove that he owes mortgage payments to Defendant under the promissory note, Defendant failed to provide the necessary information. In particular, Plaintiff alleges:

> (1) "The Defendant purports that the Plaintiff owes them money through an alleged loan . . ."
>
> (2) "[T]he Defendant created the money and credit upon its own books by bookkeeping entry as the consideration for the Promissory Note **thus risking none of their own money** in the transaction." (emphasis in original)
>
> (3) "Therefore, the Defendant entered no consideration in the contract."
>
> (3) "A contract done under fraud is void from the beginning and is not enforceable."
>
> (4) "The Plaintiff declares the Promissory Note, and Deed of Trust void due to this misrepresentation."
>
> (5) "Despite not being able to produce valid proof of claim, the Defendant is threatening the home of the Plaintiff" through foreclosure.

(Doc. 12). Plaintiff goes on to state that Defendant failed to furnish various information and explanations in relation to the promissory note in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*. For relief, Plaintiff seeks a Court order releasing him from "all claims against Plaintiff in relations to this case," that no further action be taken on the foreclosure, that "reports this account is 'Settled in Full,'" and a "Return [of] all monies collected on this transaction," among other things (Doc. 12, p. 10).

Defendant argues that Plaintiff has failed provide fair notice of the claims against it and there are insufficient facts to support any claim.[1] While Defendant's arguments are well-taken, if the Amended Complaint is liberally construed, Plaintiff seeks a declaration that the mortgage is void due to fraud, he alleges that Defendant violated TILA, and he seeks to halt a potential foreclosure action. Even with such liberal construction, Plaintiff's Amended Complaint must be dismissed.

Federal Rule of Civil Procedure 9 requires fraud to be pled with particularity. Among other things, Plaintiff must state "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby." Collins v. Metropolitan Life Ins. Co., 117 F.4th 1010, 1017 (8th Cir. 2024) (citation and quotation marks omitted). While Plaintiff appears to allege there is some fraud, Plaintiff makes no particular allegations such that Defendant is placed on notice of the claim against it.

TILA requires creditors to provide "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). These particular terms, including the annual percentage rate, total number of payments, and due dates, among other things, must be clearly and conspicuously communicated in writing. Id. § 1602(u); 12 C.F.R. § 226.17(a)(1). If this information is not provided as required by TILA, a borrower has three years to rescind the agreement. Rand Corp. v. Yer Song Moua, 559 F.3d 842, 846 (8th Cir. 2009). Plaintiff fails to state a claim under TILA. Plaintiff's asserts that Defendant failed to explain its "security interest" in the loan, that his signature "funded the loan," and its intent to sell the loan. None of these supposed missteps assert a violation of TILA.

---

[1] Defendant also adds various facts, related to Plaintiff's contention that Defendant failed to provide paperwork and information regarding the mortgage, that the Court has disregarded at this stage of the litigation.

To the extent that Plaintiff challenges the assignment of his mortgage to Defendant or another party, he lacks standing to sue. See Rogers v. Bank of America, N.A., 787 F.3d 937, 938 (8th Cir. 2015). This is because Plaintiff is not a party to any such agreement and there is no injury because any assignment would not affect his obligation to pay his mortgage. Brown v. Green Tree Servicing, LLC, 820 F.3d 371, 373 (8th Cir. 2016). Moreover, Plaintiff cannot assert the claims of others. See Warth v. Seldin, 422 U.S. 490, 499–500 (1975).

To the extent that Plaintiff seeks to enjoin a foreclosure action, there is no allegation that a foreclosure action has started or that Plaintiff has complied or failed to comply with the terms of his mortgage. Any such claim is premature at best. In any event, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these conditions are apparent in this case. Accordingly, Plaintiff has failed to state a claim and the Amended Complaint must be dismissed.

**IV.   Conclusion**

For the foregoing reasons, Defendant Select Portfolio Servicing, Inc.'s First Motion to Dismiss (Docs. 7) is **MOOT** and Defendant's Second Motion to Dismiss is **GRANTED** (Doc. 14). The Clerk of Court is **DIRECTED** to refile the "Petition for Verification of Debt Else Release of Claim and Relief" (Doc. 12) as an Amended Complaint. The Amended Complaint is hereby **DISMISSED without prejudice**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2025